IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:22-mj-355 (RDA/IDD) |
| ) | |
| EDUARDO LEON-SILVA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Government's Motion to Revoke the Conditions of Release Order (Dkt. 15) by the Honorable United States Magistrate Judge Ivan D. Davis ("Motion"). Dkt. 23. The Defendant has filed an Opposition (Dkt. 27). Considering the Motion, the Defendant's Opposition, as well as the arguments raised by counsel at the hearing held before this Court on April 5, 2023, this Court DENIES the Government's Motion to Revoke for the reasons that follow.

I. FACTUAL AND PROCEDURAL BACKGROUND

The United States has charged Defendant Eduardo Leon-Silva ("Defendant"), a citizen of Peru, with illegal reentry in violation of 8 U.S.C. § 1326(a). Dkt. 1. On March 30, 2023, a preliminary detention hearing was held before Magistrate Judge Davis. During that hearing, the Government sought detention on the basis that Defendant was a flight risk. Judge Davis ordered that Defendant be released subject to certain pre-trial conditions. Dkt. 15. Judge Davis stayed the matter upon the Government's oral Motion to Stay the Order Setting Conditions of Release, so that the parties could brief the matter by 4 p.m. on March 31, 2023. Dkt. 19. After reviewing the

Government's and Defendant's positions, Judge Davis denied the Motion to Stay for the reasons described in Defendant's opposition. Dkt. 20. The Government filed a Motion to Stay (Dkt. 25) and Motion to Revoke (Dkt. 23) on March 31, 2023. Defendant filed his Response in Opposition to both motions on April 1, 2023. This Court denied the Motion to Stay on April 3, 2023.

## II. STANDARD OF REVIEW

18 U.S.C. § 3145(a) allows this Court to revoke a magistrate judge's release order. It is uncontested that in doing so, the Court reviews the magistrate judge's determinations *de novo*. *See e.g. United States v. Clark*, 865 F.2d 1433, 1438 (4th Cir. 1989); *United States v. Burgess*, 2:17-cr-153, 2017 WL 6542939, at *1 (E.D. Va. Dec. 19, 2017).

Under 18 U.S.C. § 3142, there is a presumption that favors release and the presumption can only be overcome if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Nieto-Garcia*, No. 5:17CR32, 2017 WL 4125268, at *1 (N.D. W. Va. Sept. 18, 2017). When risk of flight is the basis for detention, "the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)).

Under 18 U.S.C. 3142(g), the Court must consider four factors: "(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) The weight of the evidence against the person; (3) The history and characteristics of the person, including: The person's character, physical and mental condition, family ties, employment, financial resources, length of residence

in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. 3142(g)(1)-(4).

## III. ANALYSIS

The parties do not claim this is a presumption case. The Government argues that analysis of the § 3142(g) factors shows a strong incentive on the part of the Defendant to commit voluntary flight and urges that no combination of conditions will reasonably assure Defendant's appearance even without the presence of the ICE detainer. Dkt. 23 at 3, 4. Defendant argues that the government has not proven that the Defendant is a flight-risk under the § 3142(g) factors and that absent a determination under those factors, a detainer, alone, is insufficient to detain the Defendant. Dkt. 27 at 10. The Court will take each factor in turn.

### A. The Nature and Circumstances of the Offense

This Court finds that the Government has not met its burden to show that the nature and the circumstances in the case at bar support a finding that "release will not reasonably assure the appearance of defendant." 18 U.S.C. § 3142 (b). Courts in the Fourth Circuit and beyond have held that an ICE detainer or the risk that a defendant will be deported, alone, cannot be the basis for detainer as the Bail Reform Act requires an individual analysis. *United States v. Suastegui*, No. 3:18-MJ-00018, 2018 WL 3715765, at *5 (W.D. Va. Aug. 3, 2018) ; *United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018). However, the Government does not solely rely on the detainer in its argument that Defendant is a flight risk. The Government contends that the

3

Defendant is a flight risk because he has taken steps to make himself undetectable such that ICE agents have struggled to locate him. Dkt 23 at 6. Further, at the hearing, the Government raised concerns regarding the proposed third-party custodian's ability to maintain the standards required of her. The Government points to the fact that the custodian, Defendant's mother, is elderly and is currently undergoing cancer treatment. Defendant's mother was also not available at the hearing for the Government to question her. Defendant argues he is not a flight risk under the first element of the § 3142(g) factors, because he has strong ties to the community, cooperated fully with authorities when he was arrested, and has never failed to appear during any of his prior ICE proceedings, even when facing the threat of deportation. Dkt. 27 at 7.

The Government's contention that Defendant has taken steps to protect his presence in the United States by keeping his name out of official records is distinguishable from other cases in the Fourth Circuit like *United States v. Coreas-Batres*, No. 5:18-cr-439, 2018 WL 10561963 (E.D.N.C. Dec. 4, 2018) and *United States v. Benitez-Elvira*, No. 1:14cr391, 2014 WL 6896142 (M.D.N.C. Dec. 5, 2014), where the defendants with pending ICE detainers or a general risk of deportation were detained pending trial. In *Coreas-Batres*, the defendant attempted to flee law enforcement on a recent arrest, whereas, here, there is no evidence Defendant has made any attempt to flee. 2018 WL 10561963, at *2. Further in *Benitez-Elvira*, the court cited the "overwhelming evidence" that the defendant used a false name and social security number and used false travel documents to travel back and forth between the United States and Mexico as factors evidencing a high risk of flight in addition to his unlawful presence in the country. 2014 WL 6896142, at *2-4. There are no similar allegations in this case. In fact, the Government's Affidavit suggests no attempt to evade law enforcement and that the Defendant openly shared his accurate personal data with law enforcement. Dkt. 2 at 2-3. Further, the record shows that in Defendant's prior

4

proceedings he has never failed to appear for any court hearings even while he was not under supervision. The Court does have some concerns about the proposed third-party custodian not being available to be questioned in open court regarding her ability to monitor the defendant and assure his appearance at future court hearings. Moreover, the Government has also indicated that Defendant's mother is ill and that she may not be able to fulfill her responsibilities, which also causes concern. However, a review of the information before the Court along with the Defendant's strong ties to his local community tends to weigh in favor of pre-trial release with certain conditions. *See Suastegui*, 2018 WL 3715765, at *2 (W.D. Va. Aug. 3, 2018) (holding that a defendant's strong ties to the community and likelihood that he would not likely face a lengthy sentence if convicted favored pre-trial release). Additionally, many courts have held that risk of flight must include some volition on the part of the Defendant. *See e.g., United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017) ("[A] risk of involuntary removal does not establish a serious risk that [the defendant] will flee.") (internal quotation marks omitted);*United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015) ("[T]he risk of nonappearance referenced in 18 U.S.C. § 3142 must involve an element of volition."); *United States v. Villatoro-Ventura*, 330 F. Supp. 3d 1118, 1135-36 (N.D. Iowa 2018); *Suastegui*, 2018 WL 3715765, at *4. The Court does not deny that immigration consequences are relevant to Defendant's risk of flight in the detention determination, but the existence of a detainer is not dispositive. Thus, while the Court appreciates the strong legal arguments put forth by both parties, the court finds this favor weighs in favor of release.

B. The Weight of the Evidence

The weight of the evidence against Defendant is strong. The Government's evidence tends to show that the Defendant was previously deported and was found in the United States without

permission from the Attorney General of Homeland Security. Dkt. 23 at 5-6. Thus, this factor weighs heavily in favor of detention.

### C. The History and Characteristics of the Person

The Government argues that Defendant's criminal history, including his successful illegal reentry, and recent protective order show his "unwillingness to comply with the law and weigh in favor of detention pending trial." Dkt. 23 at 6. The Government also argues that the Defendant's family ties may incentivize him to fail to appear in court because "given the real threat of deportation, the only way Leon-Silva could continue to reside with his mother or other relatives in the United States is by failing to appear in court and remaining in the country illegally." Dkt. 23 at 6. In support of Defendant's argument, he points to the fact that he has never failed to appear before ICE or any other court. Defendant also argues that his prior criminal history arose in his twenties or at least a decade ago, and that in all recent interactions with law enforcement, Defendant has been forthcoming and his family ties in the Eastern District of Virginia weigh against detention.

The Court finds this factor weighs against detention. Unlike other illegal re-entry cases where the defendants are detained, Defendant here has strong ties to the Eastern District of Virginia. His mother, sister, and other extended family live in the area, which tends to weigh in favor of release, as there is less incentive to flee. *See United States v. Villatoro-Ventura*, 330 F. Supp. 3d 1118, 1136 (N.D. Iowa 2018). Thus, the Court is not persuaded that Defendant's family ties will incentivize him to flee. Further, his mother, a U.S. citizen, was identified by pretrial services as a suitable third-party custodian that would help ensure his appearance at future court proceedings and cooperate with installing location tracking systems in her home for Defendant's home detention. The Court again also considers Defendant's pattern of appearance for

proceedings over a period of 6 years even without supervision and does not find a serious risk that Defendant will flee. The Court acknowledges that Defendant could not produce evidence of his work as a painter and given his legal status it is not likely an employer would (or could) provide such evidence. Still, the Court finds that this factor does not overcome the other factors that support release. Therefore, this factor weighs against detention.

D. Nature and Seriousness of the Danger to any Person or to the Community

The Defendant is not alleged to have used violence or weapons in the commission of his crime, but as stated above, the Defendant has an extensive criminal history including three prior felonies. The Court takes notice Defendant was not convicted of any violent crimes and thus the prior convictions are not necessarily indicative of present danger. The Court does have concerns regarding the Defendant's recent protective order issued in June 2022 for incessant stalking. However, the Government has not shown why this concern could not be mitigated by conditions of pre-trial release such as a no contact order with the person named in the preliminary protective order and home detention. Thus, the Court finds this factor weighs in favor of release.

IV. Conclusion

In short, cases within the Fourth Circuit and sister circuits require a particularized consideration of the § 3142(g) factors, and a defendant cannot be subject to detention based on merely the risk of deportation alone. The Court does not find that the § 3142(g) factors, on the whole, weigh in favor of detention. The Court recognizes the tension between ICE's ability to initiate removal proceedings while a defendant is awaiting trial on a federal criminal charge and the DOJ's desire to prosecute said charge. While it is concerning that this scheme may impair the Government's ability to prosecute, absent clear authority to the contrary, this Court does not find it appropriate to resolve the interplay of agencies within the Executive Branch on the Executive

Branch's behalf. Based on the individualized analysis of the § 3142(g) factors in this case, absent the detainer, Defendant would be entitled to release with reasonable conditions under the Bail Reform Act. Thus, based on the particular facts of this case and the mandate of the Bail Reform Act, the Court cannot grant the Government's Motion. The Court compliments all counsel on their briefing, advocacy, and professionalism before the Court.

Accordingly, for the foregoing reasons, it is hereby ORDERED that the Government's Motion to Revoke the Release Order is DENIED.

It is SO ORDERED.

Alexandria, Virginia
April 5, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge